**SERVICE FINANCE CORPORATION et al.
v. SINGLETON.**

No. 11110.

Court of Civil Appeals of Texas. Galveston.

Jan. 9, 1941.

S. G. Sample, of Edna, for appellants.

J. W. Ragsdale, of Victoria, and Cullen B. Vance, of Edna, for appellee.

GRAVES, Justice.

This appeal is from an order of the 24th District Court of Jackson County—made in cause No. 2595 on its docket, styled Jasper Singleton v. Service Finance Corporation, et al.—overruling the pleas of privilege of the defendants in that cause, Service Finance Corporation, a private corporation, and Bert Wilcut, who are the appellants here, to be sued in such cause No. 2595 in the county of their alleged residence, to-wit, Bexar County, Texas.

In such cause, as so filed by the appellee against both appellants in Jackson County, the appellee sought joint and several recoveries · against them for both actual and exemplary damages for the alleged wrongful conversion by each of them of his automobile on November 28, 1939, in the town of Edna in Jackson County, Texas, where it was parked unoccupied on the streets thereof, further averring that the corporate appellant had thereafter sold the car and appropriated the proceeds thereof to its own benefit.

Appellants' pleas of privilege were in statutory form, as was also the controverting affidavit of the appellee, which therein reiterated all the material averments made in his petition; whereupon, the learned trial Judge heard full evidence from both sides upon the issue so joined between them,

the appellee having laid the venue of the cause in Jackson County, upon these three grounds:

"1. That defendants committed a crime, offense, and trespass against plaintiff in Jackson County, Texas, within the provisions of Subdivision 9 of Article 1995 of the Revised Civil Statutes of the State of Texas.

"2. That the defendant Service Finance Corporation is a foreign corporation, and the cause of action against it accrued in Jackson County within Subdivision 27 of such Article 1995.

"3. Venue being properly laid as to one defendant herein in Jackson County, Texas, venue as to the other defendant is properly laid in Jackson County, Texas."

The court filed these findings of fact and law in support of the challenged order:

## "Findings of Fact.

"(1) I find that the plaintiff resides in Jackson County, Texas; that the defendant, Service Finance Corporation, is a foreign corporation, duly incorporated, and authorized to do business in Texas, and that service has been had on its accredited agent, designated for the purpose of having process served upon said defendant, Service Finance Corporation. I find that Bert Wilcut resides in Bexar County, Texas, and that service has been had in this cause so far as the plea of privilege is concerned.

"(2) I find that the plaintiff was the owner of a 1938 Chrysler Automobile and was in possession of the same in Jackson County, Texas, at the time alleged in the plaintiff's petition that such automobile was taken from his possession by the defendants. I find that said car was taken by defendants from the possession of the plaintiff, Singleton, without his knowledge or consent and without any legal process issued by the courts of the country authorizing such taking of said car into their possession. I find that said car was taken from the plaintiff by the defendants in Jackson County, Texas, on the 28th day of November, 1939. I find that the defendant, Bert Wilcut, was in the employ and was an agent of his co-defendant, Service Finance Corporation, and that at the time said car was actually taken from the possession of the plaintiff said agent and defendant, Bert Wilcut, actually took possession thereof, acting for his co-defendant, said Service Finance Corporation. I find that the value of said car

was $700.00 at the time it was taken from the possession of the plaintiff. I find that the plaintiff bought said car from W. A. Utzman on the 16th day of May, 1939, and paid the entire purchase money therefor and owed nothing on said car at the time he purchased it. I find that W. A. Utzman and W. J. Brewer were dealers in automobiles in Edna, Jackson County, Texas, and they bought the Chrysler car in question from A. M. Stevens in Victoria, Texas, and that there was a balance due on said car owing by W. A. Utzman to defendant, Service Finance Corporation, at the time same was taken from the possession of plaintiff of $387.60, payable in monthly installments of $30.00. I find that the defendant, Service Finance Corporation, held the deferred payment notes executed by Utzman on said car and that it attempted to create a mortgage-lien on said car at the time it took over the deferred monthly payment notes due thereon, and recorded a chattel mortgage securing the payment of said indebtedness on said car owing by said Utzman, and caused the same to be recorded in Jackson County, Texas. I further find that said car was daily exposed for sale by the owners thereof, to-wit: Utzman and Brewer, and continued on daily display for sale up to and including the time the plaintiff purchased said car from said automobile dealers, Utzman and Brewer, and that the sale was actually accomplished by W. A. Utzman. I further find that after taking said car into its possession, said Service Finance Corporation appropriated the same to its own use and benefit and thereafter sold the same for $350.00. I further find that the plaintiff had no knowledge of the existence and the recording of said chattel mortgage against said car at or prior to the time he purchased the same from Utzman.

## "Conclusions of Law.

"From the above facts, I conclude that the plaintiff was a bona fide purchaser of said car at the time he bought the same. I further conclude that the recording of said chattel mortgage by the defendant, Service Finance Corporation, did not create a lien in its favor as against the plaintiff, and that each and all of the provisions contained in said mortgage were unenforcible in so far as the plaintiff is concerned, and that the plaintiff has made out a case against the defendants, which entitles him to have the issues involved in said litiga-

tion tried and determined in Jackson County, Texas, under the provisions of Subdivisions 9 and 27, Article 1995, Revised Civil Statutes of 1925 of the State of Texas, and it is so ordered and decreed by the Court.

"Howard P. Green,
"Judge Presiding."

Appellants, through a number of propositions, ably inveigh against the trial court's quoted findings of both sorts, contending in substance—in so far as material—that the appellee failed to properly show a wrongful conversion by themselves of the automobile involved; that they had taken possession of it under the recorded chattel mortgage held by the Finance Corporation against Utzman for unpaid purchase-money then due from him to it thereon, which mortgage expressly bound Utzman not to attempt to sell or dispose of it; that such appellants in consequence had a valid lien against the car, of which the appellee had at least constructive notice, hence he was not a bona fide purchaser thereof, as found by the trial court.

There were other protests against rulings upon the receipt and exclusion of evidence, which are not deemed to have involved prejudicial error in the circumstances.

This court is unable to see eye-to-eye with appellants in any of these presentments; upon the contrary, it is concluded that the quoted findings are sufficiently supported in both fact and law, hence they are adopted as those of this court; as to those of fact, while the evidence was not undisputed in some respects, it would have supported a much stronger finding of a wrongful conversion of the appellee's car than the trial court made, in that, upon that feature it was wholly undisputed—partly coming from the appellant Wilcut himself—that this car was ruthlessly dragged by himself and another from in front of the house on the street in Edna, where the appellee's wife had parked it while visiting there, without advising either appellee or his wife of his purpose to do so, when at the time both appellants knew that Utzman had disposed of the car and that it was then in the name of and in the hands of the appellee, whose wife had left it so parked for the time being, having taken the key thereof with her into the neighboring house; in this connection, it likewise also appears that the appellee had then been in possession of the car, without counterclaim from either of appellants, or knowledge of

the existence either of themselves or their mortgage, using it as his own, for more than six months after having so purchased the same from Utzman for $700, as found by the trial court; that he had then received a written transfer therefor from Utzman and Brewer, and never knew anything whatever about appellants' claim until after Mr. Wilcut had so "re-possessed it", as he put it.

Appellants are inept in these propositions in another respect: they argue, against the showing in the record the other way in both particulars, (1) that "appellee, in his controverting affidavit and also in his original petition, claimed venue in Jackson County under Exception 9 only"; and (2) that "he did not allege, either in his petition or in his controverting affidavit, that the re-possessing of the automobile by appellants was done with the intention on the part of either of the appellants to injure either the property or person of appellee."

A re-examination of the transcript discloses these inadvertencies, the petition and the controverting affidavit, as indicated supra, showing specifically not alone that the venue was grounded upon the three exceptions stated, but that what this court terms the ruthless taking of this automobile in the circumstances was done with the intention upon the part of both appellants not only to so change the geography of the car itself, but also, to quote from Paragraph VIII of the petition, "was intentionally, wilfully, knowingly and maliciously done with an utter disregard for the injuries which would result, and which did result, to this plaintiff, and that by reason thereof plaintiff is entitled to recover exemplary damages in the sum of Twelve Hundred Fifty ($1250.00) Dollars."

So that, the facts as so found by the court below and so adopted and added to here which thus must be regarded as having been established, bring this cause, in this court's opinion, directly within the provisions of Vernon's Ann.Civ.St. art. 5497a; that is, under these findings, it must be held that this appellee was a bona fide purchaser of this car, without knowledge or notice of the existence of appellants' mortgage, and that when he purchased it the car was being exposed for sale; hence, by the express authority of that statute, such mortgage was, as to him, wholly void. Appellants' subsidiary contention in this connection, that the appellee in these circumstances was charged with constructive no-

tice of the existence of appellants' filed mortgage, seems to this court to be in the very teeth of the unconditional declaration of the cited statute that, "any such chattel mortgage shall be void as to bona fide purchasers when such motor vehicles are daily exposed for sale"; especially so, since the appellee was shown to have been wholly ignorant of any facts from which a presumption of constructive notice could have arisen, and since, as already indicated, he was shown to have never had any actual knowledge of appellants' mortgage, nor to have known of or sustained any relations of any sort with either of them in relation to this car, or anything else; wherefore, no implied or constructive notice is attributable to him; 8 Words and Phrases, Perm. Ed., p. 828, Constructive Notice, and cited authorities; 2 Bouv. Law Dict. Rawle's Third Revision, p. 2368, Constructive Notice, bottom column 2.

It follows that the judgment should be affirmed; it will be so ordered.

Affirmed.